UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

REGINA GROS,

    Plaintiff,

-vs-

PROTRAVEL INTERNATIONAL, LLC,

    Defendant.
_____/

## COMPLAINT

Regina Gros ("Gros") hereby submits her Complaint against Protravel International, LLC ("Protravel"), and demands a trial by jury, stating:

INTRODUCTION

1.    Plaintiff Gros is a former corporate travel advisor, and was, at all relevant times to the events in this Complaint, employed by Protravel (until her termination). While Gros was so employed, she requested, and was approved to take, time off under the Family and Medical Leave Act ("FMLA"). But when Gros timely returned to work after her FMLA leave, Protravel told her that she must resign her employment (and backdate her resignation). When she refused to resign, Protravel wrongfully terminated her employment. Such termination interfered with, and was in retaliation for Gros having exercised, her rights under the FMLA.

## PARTIES

2. Plaintiff Gros is an adult citizen and resident of Miami-Dade County, Florida, who is *sui juris*. She is a former employee of Defendant Protravel at its office in Miami-Dade County Florida. Plaintiff uses the nickname "Gina."

3. Defendant Protravel is a New York limited liability company that is in the business of travel advice and arrangement, and maintains numerous offices in Florida, including a physical office in Miami-Dade County Florida.

## JURISDICTION

4. This Court has specific and general personal jurisdiction over Defendant Protravel.

5. Defendant Protravel has engaged in multiple intentional acts that subject it to specific personal jurisdiction in the State of Florida and in this Judicial District and Court; namely, by: (a) operating, conducting, engaging in, and carrying on a business or business venture in this state, county, and judicial district; (b) maintaining and operating multiple offices in Florida, including an office in Miami-Dade County, Florida, where Plaintiff Gros and other Protravel employees worked; (c) maintaining a registered agent in Florida; (d) advertising to the public on the internet that Protravel has an address for one of its business offices at "12000 Biscayne Blvd STE 409, North Miami, FL 33181."; (e) maintaining a Miami-Dade County, Florida business telephone for business uses; and (f) by issuing Plaintiff Gros business cards to use on behalf of Protravel with a Miami-Dade County, Florida address on the cards. Such conduct establishes specific jurisdiction under *Fla. Stat*. § 48.193(1).

6. Defendant Protravel has engaged in multiple intentional acts that subject it to general personal jurisdiction in the State of Florida and in this Judicial District and Court.

Protravel has engaged in substantial and not isolated activities within the State of Florida and within this Judicial District, as set forth in paragraph 5, above. Defendant's activities in this State and in this Judicial District are substantial (and not isolated), continuous, and systematic, general business contacts, such that the maintenance of this suit will not offend traditional notions of fair play and substantial justice. Defendant can reasonably be expected, without surprise, to be hailed into court in Miami-Dade County, Florida. pursuant to *Fla. Stat.* § 48.193(2), where it maintains a substantial presence.

7.    This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as this is a civil action that arises under the laws of the United States; specifically, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654, *et. seq.* (2006).

## VENUE

8.    Venue is proper in federal court in Miami-Dade County, Florida pursuant to 28 U.S.C. § 1391 on the grounds that: (a) Defendant Protravel resides in Miami-Dade County, Florida, such venue being one where Protravel is subject to personal jurisdiction at the time this action has been brought, and (b) a substantial part of the events or omissions giving rise to the claim in this Complaint occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

9.    Protravel is a limited liability company, engaged in and affecting commerce within the meaning of the FMLA, serving as a full-service travel management company specializing in corporate and leisure travel. Protravel's business utilizes telephone lines, the U.S. post office, and the internet for the making of travel arrangements across state lines and nationwide (transmitting interstate data and business related information in the process).

10. Protravel is a covered "employer" within the meaning of the FMLA. It has acted directly or indirectly in the interest of an employer in relation to its former employee, Gros, by paying her to do work for Protravel at its Miami-Dade County, Florida office, and by directing the nature and scope of that work.

11. Protravel is a private sector employer with more than 50 employees nationally. It employed fifty (50) or more employees for each working day (nationally and in South Florida) during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year to the events that are the subject of this Complaint. Protravel likewise employs more than 50 employees within seventy-five (75) miles of its Miami, Florida office, as Protravel has multiple other Florida offices within that geographic range.

12. Gros began her employment with Protravel on or about January, 2018. She worked as a corporate travel advisor for Protravel until she was terminated on or about February 14, 2020. She received a 2019 W-2 from Protravel listing Protravel as her employer.

13. Gros worked at least twelve (12) months for Protravel before requesting FMLA leave, and for at least 1,250 hours of prior service with such employer, making her an eligible employee within the meaning of the FMLA.

14. On or about November 13, 2020, Gros approached Protravel (by e-mail to its New York office) and asked to take FMLA leave to care for her biological father, who was gravely ill and incapacitated due to a chronic serious health condition which required continuous care (more than 3 days, and more than 2 times) from a physician, and assistance from his daughter, Gros. Gros' father had become unable to care for his own medical condition, safety, and other needs. Because of his chronic serious health condition, Gros' father also needed help in being transported to the doctor, and needed Gros to provide psychological comfort and reassurance.

15. Protravel informed Gros that she needed to contact a company known as Travel Leaders Corporate, LLC ("Travel Leaders") to apply for FMLA leave. Protravel stated that "this is the procedure."

16. Travel leaders is an affiliated company of Protravel, and serves as Protravel's chosen agent in regard to the processing of Protravel FMLA requests.

17. Gros contacted Travel Leaders, who provided Gros with FMLA forms to complete. Gros filled out the forms and submitted them on or about November 18 2019.

18. That same day, on or about November 18, 2019, Travel Leaders informed Ms. Gros in a signed writing that she was approved for 8.5 weeks of FMLA leave, stating "Your FMLA leave request is approved."

19. Protravel then also approved Gros for 8.5 weeks of FMLA leave.

20. On or about February 10, 2020, Ms. Gros completed her FMLA leave and timely reported to Protravel ready and able to work on the agreed upon return date (in fact, she came in two days earlier than her maximum benefit).

21. On or about February 10, 2020, when she arrived at the Protravel office, she was approached by her Protravel supervisor, who asked Gros if she had made a decision as to what she wanted to do. Gros responded that if possible she would like a work schedule with more flexibility, in case her father needed her. The supervisor responded in an annoyed tone, "I can't work with you." Gros said she was willing to take another position. Protravel told Gros that she would need to look for some other position within the company.

22. Gros never insisted upon a flexible schedule as a condition of her employment – she merely expressed a preference.

23. On February 12, 2020, Protravel told Gros she must resign effective February 10, 2020 (which would require backdating). Gros refused.

24. Protravel's Human Resources communicated to Gros that you have to resign now, and requested a letter of resignation." Gros refused.

25. Protravel's office manager, Stacey, approached Gros and told her "when you leave the office, leave your key behind."

26. Gros reasonably interpreted the forgoing statements to mean that she had been fired from her job, and resultantly left the building and went home on February 14, 2020. She has not returned to Protravel.

27. Protravel has never asked Gros to return to work, following her termination.

28. Gros did not quit or abandon her job at Protravel. She never provided a letter of resignation, nor took any action that a reasonable person would view as resigning.

29. Gros followed all of Protravel's requirements for the taking of FMLA leave.

30. The two reasons Gros was given for her termination were first, that "I can't work with you." (Prior to taking FMLA leave, Gros had never received any negative reviews or been informed of any work deficiency). And second, the false contention that Gros quit her job.

`.   31. Protravel's conduct as alleged in this Complaint was willful, intentional, knowing, deliberate, and in bad faith.

32. Gros lost her medical insurance benefits as a result of Protravel's FMLA violation.

33. As a direct, proximate, and foreseeable result of Protravel's wrongful conduct, Gros has been required to retain the undersigned counsel and pay her attorney a reasonable fee and costs.

34. All conditions precedent to the bringing or this action have occurred or been waived.

## COUNT ONE – FMLA (INTERFERENCE)

35. Plaintiff Gros re-alleges and incorporates each of the allegations in paragraphs 1 through 34 above, as though fully alleged in this Count.

36. This Count is a claim under the FMLA against Protravel for its interference with Gros' FMLA rights.

37. Gros was entitled to FMLA leave from Protravel.

38. Adverse action by Protravel interfered with Gros right to take FMLA leave, as she had additional FMLA leave days available for her use when she was terminated.

39. Adverse action by Protravel interfered with Gros' FMLA <u>right to be reinstated after taking leave</u>, and her FMLA <u>right to be offered an equivalent position</u>. Following Gros taking her FMLA leave, Plaintiff was entitled, but was denied the right, "to be restored by the employer to the position of employment held by the employee when the leave commenced" or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A), (B).

40. Adverse action by Protravel interfered with Gros' FMLA right to be able to continue her insurance benefits.

41. Gros' action in terminating Gros, and demanding that she quit, was related to the exercise or attempted exercise of Gros' FMLA rights. Protravel resented that Gros was away from her job for as long as she was on leave. Gros' taking of FMLA leave was causally connected to her termination.

42. At the time of her termination, Gros had two more days of FMLA leave for which she was eligible.

43. Protravel wrongfully had Gros perform work tasks while out on FMLA leave, which further interfered with her FMLA rights..

44. As a direct, proximate, and foreseeable result of Protravel's FMLA violation, Gros was damaged.

WHEREFORE Gros seeks the entry of a judgment in her favor and against Protravel, awarding her: all damages available under the FMLA, including back pay, front pay, lost benefits, liquidated damages, interest, costs, and attorney's fees.

## COUNT TWO – FMLA (RETALIATION)

45. Plaintiff Gros re-alleges and incorporates each of the allegations in paragraphs 1 through 34 above, as though fully alleged in this Count.

46. This Count is a claim under the FMLA against Protravel for its retaliation against Gros for her exercise of her FMLA rights.

47. Gros engaged in a statutorily protected activity under the FMLA, namely requesting and taking qualifying FMLA leave. Gros availed herself of a protected right under the FMLA.

48. Gros suffered an adverse employment decision (termination, and failing to reinstate Gros to her previous opposition or an equivalent one). Protravel took an action that a reasonable employee would have found materially adverse.

49. There was a causal connection between the protected activity and the adverse employment action. Protravel intentionally, willfully, and deliberately retaliated against Gros for using her FMLA leave.

50. Protravel's explanation for terminating Gros was mere pretext for its true, retaliatory motivation, that being Potravel's resentment that Gros had exercised her rights under the FMLA.

51. As a direct, proximate, and foreseeable result of Protravel's FMLA violation, Gros was damaged.

WHEREFORE Gros seeks the entry of a judgment in her favor and against Protravel, awarding her: all damages available under the FMLA, including back pay, front pay, lost benefits, liquidated damages, interest, costs, and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims asserted herein and as to all defenses raised by Defendant, so triable as of right.

Date: May 7, 2020.

**LAW OFFICE OF ALEXIS GONZALEZ, P.A.**
3162 Commodore Plaza, 3E
Coconut Grove, FL 33133
Tel.: (305) 223-9999
Fax: (305) 223-1880

By:  */s/ Orion G. Callison, III, Esq.*
Alexis Gonzalez, Esq.
Florida Bar No. 180785
Orion G. Callison, III, Esq.
Florida Bar No. 0005223
Alexis@aglawpa.com
orion@aglawpa.com
stephanie@aglawpa.com